OPINION OF THE COURT
John P. Callanan, Sr., J.
The petitioner Elma L. M. filed a petition with this court on July 9, 1985 requesting enforcement of a divorce decree of the Circuit Court of the State of Alabama of December 10, 1984 under which she was awarded custody of the parties’ two children, Steven A. B. and John A. M. The respondent’s attorney has provided the court with a copy of the Steuben County Family Court order of November 28, 1983 granting joint custody of the two children to these parties and ordering physical placement with the father. In preliminary hearings on this petition before this court, both attorneys have advanced the continued effectiveness of the respective orders and have allowed that the order awarding custody to the other party was not properly awarded or has been superseded. It was agreed that the court would treat the positions of the attorneys as an interim motion for a determination of this *52 court’s jurisdiction in this petition and the present status of both prior orders.
FACTS
May 10, 1979 — Date of birth of Steven A. B.
August 22, 1982 — Date of birth of John A. M.
February 5, 1983 — Date of the marriage of the parties. They were married in New York State and lived in New York.
October 25, 1983 — Family separated while living in Steuben County.
October 1983 — Custody petition filed by father Stanley D. M., Jr. in Steuben County Family Court.
October 25, 1983 — Appearance in Steuben County Family Court. Father with Attorney Barkus, mother unrepresented. Public Defender’s office assigned to represent mother. Temporary custody of both children awarded to father with visitation rights to mother. Case adjourned until November 1, 1983.
After October 25, 1983 and prior to November 28, 1983, the parties and the children got back together and left for Alabama as a family.
November 28, 1983 — Steuben County Family Court appearance at which neither party attended but at which Attorney Barkus appeared for the father and Attorney Michael McCartney appeared for the mother. Joint custody with physical placement in the father and visitation awarded to the mother. Said order awarded by the court without a hearing. Neither party aware of the order until they returned to New York at separate times.
Lived together as a family in Alabama until February 5, 1984, at which time the mother left the home with the two children for a battered women’s facility.
March 17, 1984 — Father returns to New York with the children without the mother’s permission. Neither the father nor either of the children have returned to Alabama at any time since leaving there on March 17, 1984.
April 1, 1984 — Mother starts Alabama divorce proceeding.
August 9, 1984 — Father receives Alabama divorce summons by certified mail, return receipt requested, in Watkins Glen, New York. Allows him 30 days to file answer and indicates *53 case is set for trial on October 4, 1984. No answer or appearance ever filed by father.
September 7, 1984 — Child, Jack M., born in Alabama to Elma M., the child of Stanley M.
December 10, 1984 — The Circuit Court of Mobile, Alabama awarded a default judgment of divorce to the mother giving her custody of both children with rights of visitation to the father. Fifty dollars per week support was awarded. The Alabama Circuit Court retained jurisdiction of custody, support and maintenance questions.
July 4, 1985 — Mother comes to New York.
July 9, 1985 — Mother files petition in Family Court, Schuyler County, to enforce Alabama decree of December 10, 1984 concerning custody of two children.
FINDINGS
The Steuben County Family Court order of November 28, 1983, awarding joint custody with physical placement in the father, was done in a proceeding in which both parties had appeared. When the proceeding was started and at the time of the initial appearance, the Steuben County Family Court had jurisdiction of the matter. The parties and the two children had been living as a family in Steuben County for in excess of six months and that county was the home county and New York the home State for custody determination. Even though the family had reconciled prior to the final order, that information had not been supplied to the court nor apparently to the parties’ attorneys. The order was effective as long as the parties continued to be separated; but after they reconciled and began living as parents with the subject children for a substantial period of time, the order is superseded by their de facto living arrangement. From March 1983 until February 1984 is sufficient time for the reconciliation to alter the effectiveness of the order awarding physical placement to the father. In addition to merely getting back together for a short time, these parents evidenced an intent to actually reconcile by their move to Alabama in an effort to establish a new life.
The Steuben County Family Court order of November 28, 1983 was granted without a hearing to determine the best interests of the children and which parent would be more capable of having custody or at least physical placement.
The father and the children have resided in the State of *54 Alabama from November 19, 1983 through March 17, 1984, which does not fulfill the six-month requirement to have Alabama become the home State under the terms of the Uniform Child Custody Jurisdiction Act (Domestic Relations Law § 75-a et seq.). Nor did Alabama have the jurisdiction to make the child custody determination under said act. They were in the State for approximately five months which does not fulfill the six-month requirement nor does it give sufficient time to establish a significant connection with the State. The divorce was granted on depositions and the father never appeared in the proceeding. Consideration of the best interest of the children was not considered in a hearing at the time of the divorce.
The children have resided with their father in New York State since March of 1984 which is well in excess of the six-month period at the time of the filing of the petition herein on July 9, 1985. New York is the home State under the Uniform Child Custody Jurisdiction Act as defined in Domestic Relations Law § 75-c (5). New York is the proper State in which to make a child custody determination under Domestic Relations Law § 75-d (1) (a) (i).
There has never been a full hearing on the question of custody of these children at which both parties presented their case.
DECISION
It is the decision of this court that New York State is the home State and Schuyler County the proper venue for a custody determination involving Steven A. B. and John A. M., the children of Elma L. M. and Stanley D. M., Jr. The children and their father have resided in this county since March 17, 1984; and it is the further decision of this court that the present proceeding is a custody matter in which the petitioner, Elma L. M., is petitioning for custody of Steven A. B. and John A. M.; and it is the further decision of this court that a full hearing is necessary to make a proper determination of the custody question based on the best interests of the children. A hearing will be scheduled in the near future, at which time both the petitioner and the respondent will be afforded an opportunity to present their respective positions on their entitlement of custody of the children.